FILED
2010 Jul-07 AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KAY DOTTLEY,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   CV-10-BE-0047-S |
| | ] |
| **COUNTRYWIDE HOME LOANS,** | ] |
| **INC., et. al.** | ] |
| | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff's "Motion to Remand and Memorandum Brief in Support thereof" (doc. 9).  The parties have fully briefed the motion.  Ms. Dottley asserts that the court lacks subject matter jurisdiction over her case that alleges solely state law claims.  She contends that the court should remand her case to state court because the Defendants have not proven the amount in controversy necessary for federal diversity jurisdiction.  Defendants contend that they adequately established the amount in controversy in their Notice of Removal (doc. 1) and Response in Opposition to the motion (doc. 15). The court has considered the submissions and the applicable law.  For the reasons stated below, the court will DENY Ms. Dottley's motion to remand (doc. 9).

**Procedural History**

On December 4, 2009, Plaintiff Kay Dottley filed this lawsuit in the Circuit Court of Jefferson County, Alabama, Birmingham Division.  She seeks compensatory and punitive damages arising from Defendants' alleged misapplication of mortgage payments and wrongful

1

foreclosure on a $15,000 second mortgage.  Ms. Dottley also seeks permanent injunctive relief to prohibit Defendants from foreclosing on her first mortgage.  In her prayer for relief, Ms. Dottley did not specify the amount of damages she seeks.

Defendants Countrywide and Bank of America received Ms. Dottley's initial complaint on December 10, 2009.[1]  On January 11, 2010, Defendants filed their timely notice of removal based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441, & 1446.  Ms. Dottley now moves for remand arguing that the Defendants have failed to demonstrate that the $75,000 amount-in-controversy requirement is met in this case.  In their response in opposition to Ms. Dottley's motion, Defendants attached a copy of a Jefferson County Tax Assessor record valuing the subject property at $228,800.

**Substantive Facts Alleged in Ms. Dottley's Complaint**

According to the allegations contained in Ms. Dottley's complaint, she has been harmed as a result of Defendants' alleged mishandling of one of her payments towards a second mortgage. Specifically, Ms. Dottley claims that, she purchased a home in 1996 subject to two mortgages.  The first mortgage is a conventional $85,000 mortgage.  Ms. Dottley used proceeds from the first mortgage to purchase the home.  The second mortgage is a $15,000 home equity loan.  On or about February 27, 2007, she made a payment toward the $15,000 second mortgage that Defendant Countrywide erroneously credited to her first mortgage.  Ms. Dottley further alleges that, as a result of this misapplication, Countrywide "incorrectly held the second mortgage to be in default and assessed a number of unnecessary, inflated, and unjustified fees

---

[1] At the time of removal, the state court records did not reflect that Defendant BAC had received the complaint.  BAC has appeared specially and for the limited purpose of consenting to and joining in the removal of this case.

onto [her] account." Additionally, Ms. Dottley posits that, although she contacted Countrywide in an attempt to correct the alleged error, Countrywide never took appropriate corrective action regarding the second mortgage and ultimately foreclosed on that account and sold her home at a foreclosure sale for $31,900 in October of 2009. Ms. Dottley still makes the monthly payments on the first mortgage.

In her complaint, Ms. Dottley asserts five causes of action: breach of contract, misrepresentation/suppression, negligence, unjust enrichment, and injunctive relief. She requests legal remedies in the form of compensatory and punitive damages, interest, and restitution. She also requests equitable relief prohibiting Defendants from selling and/or foreclosing on the property with respect to the first mortgage or from declaring the first mortgage in default.

## Standard of Review

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.* 517 U.S. 706, 716 (1996). However, courts must balance this strict duty with the reality that "[f]ederal courts are courts of limited jurisdiction." *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Where, as here, the basis for jurisdiction rests on diversity, the removing party must establish both complete diversity and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand." *Burns*, 31 F.3d at 1095.

In the removal context, where damages are unspecified–as they are in this case–the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." *Pretka v. Kolter City Plaza II, Inc.*, No. 10-11471, 2010 WL 2278358, at *5 (11th

Cir. June 8, 2010). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Where defendants remove under the first paragraph of § 1446(b),[2] they "may introduce their own affidavits, declarations, or other documentation–provided of course that removal is procedurally proper." *Pretka*, 2010 WL 2278358, at *8-9 (agreeing with other Circuits that district courts can consider additional evidence submitted in response to plaintiff's motion to remand). In the instant case, because Defendants contend that removal was proper *at the time of commencement* rather than after Plaintiff filed "an amended pleading, motion, order, or other paper," they removed under the first paragraph of § 1446(b). Thus, in response to Plaintiff's

---

[2]28 U.S.C. § 1446 states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

motion to remand, Defendants may present and the court will consider evidence attached to Defendants' response.

If the evidence before the court is insufficient to establish by a preponderance of the evidence that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. *See id.* at *5. However, the defendant and the court may use "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" to establish jurisdiction. *See id.* at *7.

When a plaintiff seeks injunctive relief, "the amount in controversy [regarding the injunctive relief claim] is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). The value of the object of the litigation is measured solely from the plaintiff's perspective; the value to the defendant is irrelevant. *Id.* at 219-20. Additionally, if a plaintiff seeks to recover the aggregate of the damages claimed in multiple causes of action, the court should add the amount in controversy of each claim to determine the total amount in controversy. *See Nickelson v. Nestles Milk Prods. Corp.*, 107 F.2d 17, 18 (5th Cir. 1939).[3]

### Discussion

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interests and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a)-1332(b). Ms. Dottley argues that remand is appropriate because

---

[3]After the Fifth Circuit split and the Eleventh Circuit was established, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

the Defendants fail to show that the amount of controversy exceeds $75,000.[4] Defendants assert that the evidence before the court establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The court agrees with the Defendants.

Ms. Dottley has not specified the monetary amount of damages sought for any of her claims. However, in her fourth cause of action alleging unjust enrichment, she does seek, *inter alia*, "all monies and property" defendants procured or withheld as a result of their alleged wrongful conduct. Ms. Dottley alleges that Defendants wrongfully foreclosed on her property and received $31,900 as a result of the foreclosure sale; therefore, $31,900 is in controversy because the parties dispute whether Defendants' receipt of those monies constituted "unjust enrichment." Accordingly, Defendants must show by a preponderance of the evidence that at least an additional $43,100.01 is in controversy to satisfy the amount in controversy requirement.

Ms. Dottley also seeks the return of the property at issue. Although the court cannot determine beyond all reasonable doubt whether the value of that property exceeds $43,100, the court can reasonably deduce and infer from the complaint and evidence presented that the property's value is high enough to meet the jurisdictional requirements.

According to Ms. Dottley's complaint, she "borrowed $85,500 from Countrywide to purchase the home" in 1996. This fact alone shows that the house had a value of at least $85,500 when she purchased the home. Although Ms. Dottley argues that the depressed state of the economy has caused many homes to become less valuable than the mortgages on the homes, she has failed to show that *her* home has suffered a decrease in value of over 50%–the decrease necessary to make her home worth less than $43,100.01 and defeat jurisdiction. In fact,

---

[4]The parties do not dispute that § 1332(a)(1)'s diversity of citizen requirement is met.

Defendants have submitted a tax assessor's valuation of the property that estimates that the value of the home is $228,800. Thus, Defendants have shown by a preponderance of the evidence that the value of the property in dispute is greater the $43,100 necessary to establish the $75,000 amount in controversy requirement.

## Conclusion

The Defendants in this case have met their burden of showing that federal jurisdiction is proper. Therefore, the court will deny Plaintiff's motion to remand. The court will contemporaneously enter a separate order with this opinion.

DONE and ORDERED this 7th day of July, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE